IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,937-01






EX PARTE JERSHAD JERRELL BOWEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 47,072-C IN THE 89TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated robbery and sentenced to twenty-two years' imprisonment for each count. He did not
appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because he refused
to present evidence during the jury trial, which forced Applicant to accept a guilty plea. Applicant
alleges that counsel should have presented evidence that another person confessed to this crime and
stated that Applicant had nothing to do with it, that the complainant attempted to extort money from
him, and that the complainant initially identified someone else as the perpetrator of this crime. He
also alleges that counsel had a conflict of interest. He alleges that because counsel failed to present
such evidence to the jury, he was forced to take a plea bargain that he did not want to accept.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to all of Applicant's claims of ineffective assistance of counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: February 6, 2013

Do not publish